### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM LATVIA IN THE MATTER OF BALCERE OU | )<br>)<br>) Misc. No. 08-<br>) |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                          Respectfully submitted,

                                          COLM F. CONNOLLY
                                          United States Attorney

BY: _____
      David L. Hall
      Assistant U.S. Attorney
      1007 N. Orange Street
      Wilmington, DE  19801
      (302) 573-6277

Dated: 2 JUN 08

To Competent Law Enforcement Institutions
of the United States of America

## Request
### for legal assistance in criminal case No.11810035105

Economic Police Department of Central Criminal police Department of State Police of the Ministry of Interior of the Republic of Latvia expresses its appreciation to You and according to the Agreement of 13th June 1997 between Government of the Republic of Latvia and Government of the United States of America about mutual assistance in criminal cases applies to You for legal assistance in criminal case No.11810035105.

The mentioned criminal procedure was initiated on 15th December 2005 pursuant to Sections 369-372 of Criminal procedure law according to Section 207 Part 2, Section 218 Part 2 and Section 195 Part 3 of Criminal Law.

### Facts

Economic Police Department of Central Criminal police Department of State Police of the Ministry of Interior of the Republic of Latvia is performing investigation of criminal case No. 11810035105 on the fact that authorized person of Estonian company "Balcere OU" (director Valērijs Mališko) Aleksandrs Obuhovs, personal code ▇▇▇▇▇▇, evaded taxation of 49155,66 LVL during the period from 1st October 2005 to 31st December 2005. Branch of Balcere OU in the Republic of Latvia "Balcere Latvija" and its authorized person Aleksandrs Obuhovs, personal code ▇▇▇▇▇▇ performed unlicensed business activity – selling of currency in cash – causing significant damages to the state and committed money laundering.

During investigation it was clarified that Estonian company "Balcere OU" received money transfers from different companies, including dummy companies. Further the money from "Balcere OU" was transferred to other individuals and legal persons to Latvian bank accounts, cash was withdrawn from them. From the accounts of "Balcere OU" money was transferred both directly to the accounts of Normunds Miesnieks, personal code ▇▇▇▇▇▇ and through the companies "Western LLC", "KTR Corporation", where he withdrew money.

Pursuant to the investigation Rīga regional institution of State Revenue Service (VID) performs audit of Individual income tax to the individual N.Miesnieks and also performs audit of Value Added tax (VAT) of the branch of Balcere OU in the Republic of Latvia "Balcere Latvia" (NMR code ▇▇▇▇▇▇ (non-resident till 18th August 2005 "Balcere OU", registration No.11120304) for the period from 1st April 2005 to 31st December 2005.

During the audit of N.Miesnieks for 2005 it was established that the person had cooperation with USA company "Manhattan Isnurance Company" LLC and USA company "Westerman" LLC, and also Estonian company "Balcere OU".

During the tax audit it was established that N.Miesnieks received 381147,00 LVL from the payment account of company "Balcere OU" No.LV59KBRB1 111251697001 and

1

80480,00 LVL from the payment account No. ▮▮▮▮▮▮▮▮▮▮▮▮ in A/S "Hansabanka" in his payment account No. ▮▮▮▮▮▮▮▮▮▮▮▮ in A/S "Nordea Latvija". N.Miesnieks received 461627,00 LVL in total.

| No. | Date when money is received | Sum (LVL) |
|---|---|---|
| 1. | 09.05.2005. | 25800,00 |
| 2. | 18.05.2005. | 19450,00 |
| 3. | 03.06.2005. | 28340,00 |
| 4. | 06.06.2005. | 12470,00 |
| 5. | 07.06.2005. | 10095,00 |
| 6. | 10.06.2005. | 28285,00 |
| 7. | 27.06.2005. | 80320,00 |
| 8. | 29.06.2005. | 30800,00 |
| 9. | 05.07.2005. | 26767,00 |
| 10. | 07.07.2005. | 40160,00 |
| 11. | 08.07.2005. | 40160,00 |
| 12. | 13.07.2005. | 38500,00 |
| 13. | 29.07.2005. | 80480,00 |
| Total | | 461627,00 |

According to copies of documents submitted by N.Miesnieks to Rīga regional institution of VID (on 20th January 2005 – Authorisation agreement to make payments No.15/04/-05, cash income orders) Normunds Miesnieks paid money funds in the amount of 461627,00 LVL to USA company "Manhattan Insurance Company" LLC.

According to Authorisation agreement to make payments No.15/04/-05 of 20th January 2005 N.Miesnieks paid in cash money funds to USA company "Manhattan Insurance Company" LLC.

| No. | Date when money is transferred | No. of cash income order | Sum (LVL) |
|---|---|---|---|
| 1. | 12.05.2005. | 50 | 25800,00 |
| 2. | 21.05.2005. | 51 | 19450,00 |
| 3. | 06.06.2005. | 62 | 28340,00 |
| 4. | 09.06.2005. | 65/1 | 12470,00 |
| 5. | 10.06.2005. | 67 | 10095,00 |
| 6. | 13.06.2005. | 68 | 28285,00 |
| 7. | 30.06.2005. | 74 | 80320,00 |
| 8. | 02.07.2005. | 81 | 30800,00 |
| 9. | 08.07.2005. | 83 | 26767,00 |
| 10. | 10.07.2005. | 84 | 40160,00 |
| 11. | 11.07.2005. | 85 | 40160,00 |
| 12. | 16.07.2005. | 90 | 38500,00 |
| 13. | 01.08.2005. | 96 | 80480,00 |
| Total | | | 461627,00 |

It is stated in the agreement that broker insurance company, Estonian company "Balcare OU", registration No.11120304 (henceforth – "Insurance agent"), represented by its president Valēris mališko, who acted according to the statutes, and N.Miesnieks (henceforth – authorised person) is authorised on behalf of insurance agent to make all insurance payments which come from insurance agreement No. 357 with company "Manhattan insurance company" LLC.

During tax audit it was established that N.Miesnieks received money funds in the amount of 152672,56 LVL from the payment account No. ▮▮▮▮▮▮▮▮▮▮▮▮ of USA company "Westerman" LLC No. ▮▮▮▮▮▮▮▮▮▮▮▮ in A/S "Parităte banka" in his payment account No. ▮▮▮▮▮▮▮▮▮▮▮▮ in A/S "Hansabanka".

In order to make certain whether N.Miesnieks actually paid the company "Manhattan Insurance Company" LLC the money funds 461627,00 LVL received from Estonian company "Balcere OU" and whether Normunds Miesnieks received 152672,56 LVL from payment account of company "Westerman" No. ▮▮▮▮▮▮▮▮▮▮▮▮ in his payment account No. ▮▮▮▮▮▮▮▮▮▮▮▮ in A/S "Hansabanka", and also in order to evaluate in audit whether these operations are not liable to taxes, it is required to obtain information about the mentioned operations from the company "Manhattan Insurance Company" LLC and company "Westerman" LLC.

Crimes

Part XIX

Crimes in national economy

### Section 195. Laundering of the Proceeds from Crime

(1) For a person who commits laundering of criminally acquired financial resources or other property, in violation of the requirements prescribed by law and knowing that these resources or property were obtained criminally, -

the applicable sentence is deprivation of liberty for a term not exceeding five years, or a fine not exceeding one hundred and fifty times the minimum monthly wage, with or without confiscation of property.

(2) For a person, who commits the same acts, if they are committed repeatedly or by a group of people according to previous agreement, -

the applicable sentence is deprivation of liberty for a term of not less than three years and not exceeding eight years, with confiscation of property.

(3) For a person who commits the acts mentioned in part 1 and 2 of this section, if commission thereof is on a large scale or if commission thereof is in an organised group, -

the applicable sentence is deprivation of liberty for a term of not less than five and not exceeding twelve years, with confiscation of property.



**Section 207. Entrepreneurial Activities Without Registration or a Permit (Licence)**

(1) For a person who commits engaging in entrepreneurial activities, without registration or without a special permit (licence) where the requirement for such is prescribed by law, or commits continuing operation of an undertaking (company) after issue of an order for suspension of its operation, if commission of such acts is repeated within a one year period, -

the applicable sentence is deprivation of liberty for a term not exceeding two years, or custodial arrest, or community service, or a fine not exceeding one hundred times the minimum monthly wage, with or without deprivation of the right to engage in entrepreneurial activity for a term not exceeding three years or without it.

(2) For a person who commits engaging in entrepreneurial activity, without registration or a special permit (licence) where the requirement for such is provided for by law, or commits continuing operation of an undertaking (company) after issue of an order for suspension of its operation, if substantial harm has been caused, by such entrepreneurial activity or continuation of operation, to the State, or to the rights and interests protected by law of a person, -

the applicable sentence is deprivation of liberty for a term not exceeding five years, or a fine not exceeding one hundred fifty times the minimum monthly wage, with or without deprivation of the right to engage in entrepreneurial activity for a term of not less than two years and not exceeding five years.

**Section 218. Evasion of Taxes and Payments Imposed Together Therewith**

(1) For a person who commits evading taxes and payments imposed together therewith or commits concealing or reducing income, profits and other items subject to tax, of commission of such acts is repeated within a year, -

the applicable sentence is deprivation of liberty for a term not exceeding three years, or custodial arrest, or a fine not exceeding eighty times the minimum monthly wage, with or without deprivation of the right to engage in entrepreneurial activity for a term of not less than two years and not exceeding five years.

(2) For a person who commits evading taxes and payments imposed together therewith or of concealing or reducing income, profits and other items subject to tax, of losses on a large scale are caused thereby to the State or local government, -

the applicable sentence is deprivation of liberty for a term not exceeding five years, or a fine not exceeding one hundred and twenty times the minimum monthly wage, with or without confiscation of property, and with or without deprivation of the right to engage in entrepreneurial activity for a term of not less than two years and not exceeding five years.

### Involved persons and organizations

1. "Manhattan Insurance Company" LLC (registration No.059480-96);
2. "Westerman" LLC (registration No.040712446-3862704, Suite 606, 1220 N.Market Street, Wilmington, DE 19801);
3. "Balcere OU" (registration No.11120304, Oismae 66-37, Tallinn 13515, Estonia);
4. Normunds Miesnieks, personal code ▮▮▮▮▮▮▮▮
5. KTR Corporation (registration No.470721-70925, Cuba avenue, 34th street, No.34-20, Panama 5, Panama);
6. Branch of Balcere OU in the Republic of Latvia "Balcere Latvija" (NMR code 40003762719);
7. Aleksandrs Obuhovs, personal code ▮▮▮▮▮▮▮▮

### Required information and documents

In order to make sure whether N.Miesnieks actually paid the company "Manhattan Insurance Company" LLC the money funds 461627,00 LVL received from Estonian company "Balcere OU" and whether Normunds Miesnieks received 152672,56 LVL from payment account of company "Westerman" No. ▮▮▮▮▮▮▮▮ in his payment account No.▮▮▮▮▮▮▮▮ in A/S "Hansabanka", and also in order to evaluate in audit whether these operations are not liable to taxes, it is required to obtain information about the mentioned operations from the company "Manhattan Insurance Company" LLC and company "Westerman" LLC.

1. About USA company "Manhattan Insurance Company" LLC:
   - Is the company registered in USA?
   - Has the company performed any activity in its state, submitted tax calculations for tax administration and made payments?
   - Who are owners, officials and employees of the company? Are there any authorised persons of the company in other countries?
   - What are declared and actual business activities of the company?

1.1. To interrogate owner or authorised person of the company as a witness and ask him the following questions:
   - Did company "Manhattan Insurance Company" LLC sign any insurance agreement with Estonian company "Balcere OU"?
   - Normunds Miesnieks according to income orders has paid the company "Manhattan Insurance Company" LLC 461627,00 LVL. Are there any other confirming documents concerning these operations?

Translation from Latvian

- How was the money paid – in cash or by bank transferral? If it was a transferral, we ask to state bank institution and number of account. Is it possible to establish whether company "Manhattan Insurance Company" LLC has received the mentioned money funds?
- Did USA company "Manhattan Insurance Company" LLC have any operations with N.Miesnieks? Provide precise information on the made transactions, their procedure and amounts.

2. About USA company "Westernman" LLC:
  - Is the company registered in USA?
  - Has the company performed any activity in its state, submitted tax calculations for tax administration and made payments?
  - Who are owners, officials and employees of the company? Are there any authorised persons of the company in other countries?
  - What are declared and actual business activities of the company?

2.1. To interrogate owner or authorised person of the company as a witness and ask him the following questions:
  - Due to the fact that N.Miesnieks received money fund in the amount of 152672,56 LVL from the company we ask to explain how the money was paid – in cash or by bank transferral? If it was a transferral, we ask to state bank institution and number of account.
  - Did USA company "Westernman" LLC have any other operations with N.Miesnieks? Provide precise information on the made transactions, their procedure and amounts.

2.2. Is it possible to establish whether company "Westernman" LLC has received the mentioned money funds?

If our request can not be completed, we ask to inform about the conditions that disturb its completion. Our address: Brīvības iela 61, Rīga, Latvia, LV-1010.

We thank you in advance for the provided legal assistance and at the same time, using the opportunity, we acknowledge our willingness to provide similar help in criminal cases.

Yours sincerely,

| | | |
|---|---|---|
| Investigator | /signature/ | Viktors Dzenis |

+371-7208629
victors.dzenis@vp.gov.lv

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST  )
FROM LATVIA              )
IN THE MATTER OF         )  Misc No. 08-
BALCERE OU               )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated:    This _____ day of _____, 2008.

_____
United States District Court Judge